FILED

2004 Dec-01  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

LAVARITUS SMITH,                             )
                                            )
                Plaintiff,                     )
                                            )
v.                                          )        CV 03-PT-1499-M
                                            )
RALPH HOOKS, et. al.,                        )
                                            )
                Defendants.                    )

## MEMORANDUM OF OPINION

Plaintiff, Lavaritus Smith, an inmate of the Alabama penal system proceeding *pro se*, initiated this action on June 20, 2003, by filing a complaint pursuant to 42 U.S.C. § 1983.  In said complaint, plaintiff alleges that he was stabbed on August 12, 2002, by an inmate at St. Clair Correctional Facility, and makes constitutional claims against certain Department of Corrections officials and medical personnel employed by NaphCare Inc., stemming from same.

On September 9, 2004, the magistrate judge filed a report and recommendation in which he recommended that the Eighth Amendment conditions of confinement claims against defendants Hooks, Ritchie and Threatt and an inadequate medical care claim against defendant Threatt be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).  The magistrate judge further recommended that the Eighth Amendment inadequate medical care claims against Nurse Gooch and Nurse N. Robbins be referred to the  magistrate judge for further proceedings.  Plaintiff filed no objections to the report and recommendation.

However, on September 23, 2004, plaintiff filed a motion for leave to amend his complaint and supplement a prior discovery request. (Document #13). Since plaintiff's motion contains factual

allegations pertinent to the claims in the magistrate judge's report and recommendation, it shall be addressed herein.  In short, plaintiff requests leave to amend his complaint to add an Eighth Amendment medical care claim against a new defendant, who he identifies as the doctor responsible for providing him treatment after he was stabbed.  Plaintiff explains that he wishes to amend his complaint because on

> June 15, 2004, during evening pill call in segregation at the St. Clair prison, the plaintiff asked Nurse N. Robbins (defendant), . . . "If a man here is being examined for an emergency stab wound, does any Nurse here have the authority to treat that patient with medication an release him to D.O.C.?" . . . [D]efendant Robbins advised the plaintiff the plaintiff that [nursing] "protocol requires the nurse to initial check vital signs and notify the on duty physician or the on-call physician of the emergency injury and he instruct[s] the examining nurse on what medications to administer, whether to hospitalize, or release the patient to the D.O.C."

*Id.* at 2.

Later on in his motion, plaintiff admits that "defendant Robbins" discussed this nursing protocol with him at his request, but contends that he is uncertain whether this information is true because NaphCare, Inc., refused to provide corroborative affirmation of same.  *Id.* at 6.  However, plaintiff concedes that he witnessed "a nurse using the telephone after examining him."  *Id.*

Based upon the foregoing, plaintiff concludes that additional discovery is necessary "to ascertain whether a NaphCare, Inc. physician actually did order a specific nurse to release the plaintiff to the D.O.C. . . .," so that he can take steps to correct his pleadings.  *Id.* at 2.  Plaintiff also submits proposed interrogatories in which he requests the name and address of the nurse "that examined plaintiff," the nurse supervisor, and the on-duty physician responsible for his treatment on August 12, 2002, along with the address of NaphCare, Inc.  *Id.* at 6.  Finally, plaintiff requests permission to amend his complaint until after discovery is completed.

After careful consideration of the foregoing, plaintiff's motion (Document #13) is due to be GRANTED IN PART and DENIED IN PART. To the extent plaintiff requests permission to amend his complaint to add the on-duty physician as a "John Doe" defendant, said request is due to be and is hereby GRANTED. The Court does so even though the actions giving rise to the complaint occurred two (2) years ago, plaintiff filed his original complaint over one (1) year ago, plaintiff has already amended his complaint once to identify the name of an original defendant, and offers no excuse for failing to discover the additional information until now. Plaintiff is ADVISED that such leeway is only granted on this occasion, and only because plaintiff is proceeding as a pro-se prisoner.

To the extent plaintiff requests further discovery, and permission to propose amendments to his complaint until discovery is completed, said motion is due to be DENIED. Plaintiff has already submitted sufficient information concerning the named defendants for the magistrate judge to issue an Order for Special Report at this juncture. No further motions for leave to amend his complaint will allowed after this Order, except to identify the full name of Nurse Gooch and the John Doe physician, without express permission from the Court. Moreover, no further discovery shall be allowed without express leave of court.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the Eighth Amendment conditions of confinement claims against defendants Hooks, Ritchie and Threatt and the inadequate medical claim against defendant Threatt are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2), and the Eighth Amendment inadequate medical care claims against Nurse

3

Gooch, Nurse N. Robbins, and the John Doe physician are due be REFERRED to the  magistrate judge for further proceedings.

The Clerk is DIRECTED to term plaintiff's motion to amend and supplement his discovery. (Document #13).

DONE on this the 23rd day of November, 2004.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**